STATE, RESPONDENT, *v.* HOUK, APPELLANT.

(No. 2,329.)

(Submitted October 6, 1906. Decided October 22, 1906.)

*Criminal Law—Homicide—Instructions—Self-defense.*

Homicide—Instructions—To be Read as a Whole—"Malice Afore-thought."
    1. Where the jury on a trial for murder had been clearly and carefully instructed as to all grades of unlawful homicide, and, also, as to what constitutes justifiable homicide, and that defendant could not be convicted of murder of the first degree unless it appeared

from the evidence beyond a reasonable doubt that all the necessary elements including "malice aforethought" were present, the omission of that term in a subsequent paragraph of the charge,—which dealt with the proposition that it was not· necessary that the unlawful design to take life should have been entertained for any precise length of time, and that if done in furtherance of such design and without lawful excuse "as explained in these instructions," ·they should convict the defendant of murder of the first degree,—was not prejudicial or misleading, since the whole charge, when read and construed together, was a correct exposition of the law and not inconsistent or conflicting.

Same—Instructions—Malice Aforethought.

2. Defendant having been convicted of murder of the second degree, the omission of the term "malice aforethought" in an instruction dealing with murder of the first degree, after all grades of unlawful homicide had been correctly defined in preceding paragraphs of the charge, could not have misled the jury to his prejudice.

Same—Instructions—Self-defense—Reasonable Person Stardard.

3. Where the trial court in a prosecution for murder instructed the jury that the right of self-defense was to be measured by what a reasonable person would have done under like or the same circumstances, the charge conformed to the requirements of section 361 of the Penal Code and was sufficient.

Same—Instructions—"Beyond All Reasonable Doubt"—Omission.

4. Where the jury had been repeatedly instructed that they could not find defendant guilty of homicide unless the evidence established his guilt beyond all reasonable doubt, the omission of the words "beyond a reasonable doubt" in that part of the charge which stated that if "from the evidence," they found that accused, at the time he shot decedent, did not, as a reasonable man, believe that he was in imminent danger of losing his life, the killing was not `in self-defense, did not constitute prejudicial error as leading the jury to believe that a verdict of guilty could be found on a mere preponderance of the evidence.

*Appeal from District Court, Beaverhead County; Lew L. Callaway, Judge.*

SIDNEY HOUK was convicted of murder in the second degree, and appeals from the judgment of conviction and from an order denying him a new trial. Affirmed.

*Mr. Edwin Norris, Mr. C. W. Robinson,* and *Mr. J. H. Duffy,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of murder of the second degree. He has appealed from the judgment of conviction and from an order denying him a new trial.

The questions submitted for decision arise upon certain paragraphs of the charge submitted to the jury which follow:

"No. 31. You are instructed that while the law requires, in order to constitute murder of the first degree, that the killing must be willful, deliberate, and premeditated, still it does not require that the willful intent, premeditation, or deliberation, shall exist for any length of time before the crime is committed; it is sufficient that there was a design and determination to kill distinctly formed in the mind at any moment before or at the time the Winchester rifle gun was fired; and in this case if you believe from the evidence, beyond a reasonable doubt, that the defendant feloniously shot and killed the deceased, as charged in the information, and that before or at the time the shot was fired, the defendant had formed in his mind a willful, deliberate, and premeditated design or purpose to take the life of the deceased, and that the shot was fired or that the fatal blow was given in furtherance of that design or purpose, and without any justifiable cause or legal excuse therefor, as explained in these instructions, then you should find the defendant guilty of murder in the first degree:"

"No. 35. The court instructs you, that in order to justify the use of a deadly weapon in self-defense, it must appear to the defendant that the danger was so urgent that, in order to save his own life, or to save himself from great bodily harm, the attack upon the deceased was absolutely necessary. And it must appear that the deceased was the assailant, or that the defendant had really and in good faith endeavored to decline any further struggle before the fatal shot was fired. A bare fear of the commission of the offense, to prevent which defendant used a deadly weapon, is not sufficient to justify it; but the circumstances must be sufficient to excite the fears of a reasonable man, and the

party attacking must have acted under the influence of such fears alone. It is not necessary, however, to justify the use of a deadly weapon, that the danger be actual. It is enough that it be an apparent danger; such an appearance as would induce a reasonable person to believe he was in danger of great bodily harm. Upon such appearance a party may act with safety, nor will he be held accountable though it should afterward appear that the indications upon which he acted were wholly fallacious, and that he was in no actual peril. The rule in such case is this: What would a reasonable person—a person of ordinary caution, judgment, and observation—in the position of the defendant, seeing what he saw, knowing what he knew, suppose from this situation and these surroundings? If such reasonable person so placed would have been justified in believing himself in imminent danger, then the defendant would be justified in believing himself in such peril and acting upon such appearances.''

''No. 37. If, however, you find from the evidence that at the time he shot Owen F. Ellis the defendant did not, as a reasonable man, believe he was in imminent danger of losing his life or suffering great bodily injury at the hands of the said Owen F. Ellis, then the killing was not done in self-defense, but was either murder or manslaughter, no matter who began the affray, and even though the defendant had really and in good faith endeavored to decline any further struggle, and had so informed the said Owen F. Ellis.''

The fault found with paragraph 31 is that it omits the expression ''malice aforethought,'' an essential element of the crime of murder, and also conflicts with paragraphs 29 and 30 of the charge as given. In preceding paragraphs of the charge the court had defined all grades of unlawful homicide, pointing out and defining clearly and carefully the distinguishing elements necessary to constitute any grade of the crime. It had also correctly defined and distinguished justifiable homicide. In paragraphs 29 and 30 it further explicitly told the jury that the defendant could not be convicted of murder of the first de-

gree unless it appeared from the evidence beyond a reasonable doubt that all the necessary elements, including malice aforethought, were present. In the paragraph in question it then properly pointed out that it was not necessary that the unlawful design to take life should have been entertained for any precise length of time, but that it was sufficient if it was the result of deliberate premeditation and prompted the killing. The court was at the moment dealing particularly with this element and no other. It then proceeded to say that, if the killing appeared to have been done in furtherance of such design and without lawful excuse, "as explained in these instructions," the jury should convict the defendant of murder of the first degree. Under this condition of the instructions it is hardly conceivable that the jury could have been misled. Besides, even if the paragraph is open to the objection made, it seems apparent that the jury were not misled, because the defendant was not convicted of the higher grade of the crime with which the court was then dealing.

In considering a charge it should be read as a whole and judged accordingly. The court cannot discuss all phases of the law or cover every branch of the case in one paragraph. An isolated sentence or paragraph of a charge may be subject to adverse criticism when standing alone, but, when read in its proper connection, no fault can be found with it. Such, in our opinion, is the case here. When read in connection with other parts of the charge, particularly paragraphs 29 and 30, it is not only a correct exposition of the law but is entirely consistent with these paragraphs and the rest of the charge.

But counsel say that that paragraph is almost a literal copy of an instruction criticised by this court in *State* v. *Shafer,* 22 Mont. 17, 55 Pac. 526, and held to be objectionable. A comparison of the two shows that this contention is without foundation. The instruction in the *Shafer Case* not only omitted the expression "malice aforethought," but by the use of the word "only," in the phrase "it is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and pre-

meditation on the part of the slayer," etc., actually excluded
that element.   Furthermore, the defendant in that case had
been convicted of murder of the first decree and the court was
constrained to disapprove the instruction because it was, for the
reason just stated, not in harmony with the rest of the charge.

The criticism made of paragraph 35 is that it does not state
the legal standard by which the defendant's right to act upon
appearances should be measured.   It is said that he had a right
to act upon appearances as they were presented to him, as a
reasonable person; whereas the jury were told that his right was
to be measured by what a reasonable person would have done
under like or the same circumstances.   The statute (Penal Code,
sec. 361) adopts the reasonable person standard, for it declares
that the circumstances must be sufficient to excite the fears of a
reasonable person, and it must control.   But after all, what sub- .
stantial difference is there in the meaning of the two phrases,
"fears of a reasonable person" and "fears of the defendant as a
reasonable person"?   We can see none.   If the defendant must
act upon appearances as a reasonable person, then his conduct
must be judged by what a reasonable person would have done
under the same circumstances and this is the legal measure of
his right.   Counsel cites *State* v. *Rolla,* 21 Mont. 582, 55 Pac.
523, in support of his contention; but it is apparent from a
reading of the opinion that the court's attention was not directed
to the refined technical distinction for which contention is now
made, and that it had no such notion in mind when it used the
language it did.   In any event, in this case the court followed
the· statute, and that must be held sufficient.

It is said that paragraph 37 is erroneous, in that it omits the
words "beyond a reasonable doubt," after the word "evidence"
in the first line.   This paragraph was copied from *State* v. *Tighe,*
27 Mont. 327, 71 Pac. 3.   The remarks made above upon instruc-
tion 31 are pertinent here.   Standing alone, the statement may
be open to the criticism made, but, when read in connection with
the other parts of the charge, wherein the court again and again
declared that the evidence must be sufficient to establish the

guilt of the defendant beyond all reasonable doubt before the jury could convict, they could not have understood that they could find a verdict of guilty upon a mere preponderance of evidence.

Counsel for defendant assigns as error the refusal of the court to give certain instructions requested. The remarks upon the instructions given sufficiently meet all contentions made in that behalf.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.